UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS W.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:18-cv-00639-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Nicholas W. has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. Plaintiff seeks reversal of the ALJ's decision and requests that the Court remand for an award of benefits. For the reasons set forth below, the Court affirms the defendant's decision to deny benefits.

PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance and supplemental security income benefits in February and March 2011, alleging he became disabled as of June 9, 2009. Dkt. 6,

ORDER - 1

Administrative Record (AR) 1306. Both applications were denied at the initial and reconsideration administrative review levels, and an administrative law judge (ALJ) issued an unfavorable decision after a hearing. *Id.*

This is plaintiff's third appeal of his case to this Court. In deciding his two prior appeals, in 2014 and 2016, this Court remanded based on errors in the ALJ decision. *See* AR 790, 1418. In the most recent decision, this Court reversed the ALJ's decision on only one issue: the amount of weight to give two opinions from an examining psychologist, Shawn Kenderdine, Ph.D. AR 1420-32.

On remand, the ALJ held another hearing. AR 1334-52. Plaintiff testified, as did a vocational expert. *Id.* In a written decision, the ALJ found at step five that before plaintiff's job category changed on August 16, 2016, he could perform jobs existing in significant numbers in the national economy and therefore was not disabled. AR 1322-23. Plaintiff filed a complaint with this Court, seeking reversal and remand for an award of benefits for this period. Dkt. 1.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.*; *Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the

ORDER - 2

decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

"If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Id.* at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

## ISSUES FOR REVEW

1. Did the ALJ err in rejecting opinions from a psychologist who examined plaintiff?

## DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner assesses a claimant's residual functional capacity (RFC) to determine, at step four of the process, whether past relevant work can be performed, and, if necessary, to determine at step five whether the claimant can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). At step five, the ALJ has the burden of proof, which can be met by showing a significant number of jobs exist in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(e), 416.920(e).

Plaintiff challenges only the ALJ's decision, in assessing plaintiff's RFC, to discount the opinions of examining psychologist Shawn Kenderdine, Ph.D., about plaintiff's mental-health limitations. The Court should find that the ALJ gave adequate and supported reasons to discount those opinions.

This Court previously summarized Dr. Kenderdine's opinions:

> On August 16, 2012, Dr. Kenderline [sic] performed a psychological examination of plaintiff, diagnosing him with major depressive disorder, severe without

> psychotic features. See AR at 1220-23. In that evaluation, Dr. Kenderline [sic] opined that plaintiff had marked limitations in his ability to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms. See AR at 1222. On August 1, 2013, Dr. Kenderline [sic] performed another psychological examination, opining again that plaintiff was markedly limited in his ability to adapt to changes in a work setting. See AR at 1225-29.

AR 1426.

On remand, the ALJ again gave little weight to Dr. Kenderdine's opinions. The Commissioner concedes that, of the six reasons the ALJ gave to discount Dr. Kenderdine's opinions, AR 1319, four were substantially the same as reasons this Court has already found to be "legally insufficient." *See* Dkt. 9, p. 1; AR 1426-29 (prior remand order). Accordingly, only the two reasons discussed below are disputed in this appeal.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Nonetheless, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ may reject that opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*

Here, the ALJ's two disputed reasons met this standard, as both are specific and legitimate and supported by substantial evidence.

First, the ALJ discounted Dr. Kenderdine's opinions because Dr. Kenderdine was "unable to consider the evidence of symptom exaggeration reflected in other records" that post-date her opinions AR 1317-18.

An ALJ may reject the opinion of an examining doctor when the claimant puts forth poor effort during examinations. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

The ALJ pointed to two instances of exaggerating symptoms, both on anxiety and depression questionnaires. AR 970, 1052. In November 2013, plaintiff's treating psychiatrist, Sierra Swing, Psy.D., observed that although plaintiff selected "nearly every day" for every symptom listed on two anxiety and depression questionnaires, "he appeared to be doing better than that." AR 1052. Similarly, Dr. Swing observed in May 2014 that plaintiff reported significant symptoms on another questionnaire but admitted "to not really reading the questions." AR 970. Dr. Swing had plaintiff redo the questionnaire. *Id.* She wrote, "[t]he reason for visit today was 'depression' however, the [patient] is not as depressed as he may think." *Id.*

Dr. Kenderdine based her opinions on plaintiff's depression symptoms, and specifically, in part, on results of depression and anxiety inventories. AR 1220, 1225. In the 2013 evaluation, Dr. Kenderdine noted a concern with "negative impression [management]" based on "significant elevations" in plaintiff's scores on the Beck Depression Inventory and Beck Anxiety Inventory; but Dr. Kenderdine also noted the scores could be attributed to a "'cry for help.'" AR 1225.

The ALJ could reasonably infer that if Dr. Kenderdine had been able to take into account plaintiff's exaggerations on similar questionnaires that were filled out later, she would have accorded less weight to his scores on anxiety and depression inventories. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (ALJ may draw inferences "logically flowing from the evidence"). Accordingly, the ALJ did not err in considering Dr. Kenderdine's lack of awareness of plaintiff's poor effort on anxiety and depression inventories in discounting Dr. Kenderdine's opinions. *See Thomas*, 278 F.3d at 958 (affirming ALJ's rejection of examining opinion where "the ALJ reasoned that a one-hour physical capacity evaluation relies almost

ORDER - 5

entirely on subjective information, and when a claimant exaggerates symptoms, the results cannot be valid").

Second, the ALJ found that Dr. Kenderdine's 2013 opinion (AR 1225-1229) "is internally inconsistent." AR 1318. This is also a specific and legitimate reason to discount Dr. Kenderdine's examining opinion, and the record supports it.

Internal inconsistency in a medical opinion is a specific and legitimate reason to give the opinion less weight. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

As the ALJ observed, "[d]espite indicating marked limitations in adaptation and significant limitations in multiple other areas of function," Dr. Kenderdine "also indicated that 'client does not appear significantly impaired by psychiatric [symptoms].'" AR 1318 (modification in original).

That statement by Dr. Kenderdine was unambiguous. She further clarified, "primary impairments appear to be physical." AR 1226.

Plaintiff's contention that these notes by Dr. Kenderdine reflected plaintiff's own belief about "the etiology of his impairments" does not withstand scrutiny. *See* Dkt. 8, p. 5. Plaintiff bases this argument on the fact that Dr. Kenderdine wrote her note in the "Clinical Interview" section of the evaluation form. AR 1225-26. It is unclear why Dr. Kenderdine included the note at the end of that section, in the "Other" field; but the form provided no other field for a narrative opinion about plaintiff's condition. AR 1225-29.

More importantly, the statements are plain in their meaning and leave no room for plaintiff's proposed interpretation: Dr. Kenderdine wrote how plaintiff "appear[ed]." AR 1226. The reasonable inference is that Dr. Kenderdine was recording how he appeared to her, in her

professional opinion, not how he was describing his own impressions. Also contrary to plaintiff's argument, Dr. Kenderdine's note concerns the extent of plaintiff's impairments, not their etiology.

A person who is markedly impaired in his ability to adapt to changes at work—as Dr. Kenderdine found, in addition to several "moderate" limitations—is almost certainly "significantly impaired." *See* AR 1227. Yet Dr. Kenderdine wrote that she did not think plaintiff was "significantly impaired." AR 1226. The record thus supports the ALJ's interpretation of Dr. Kenderdine's opinions as internally inconsistent.

Faced with this inconsistency, it was the ALJ's responsibility in the first instance to resolve it, and she did so reasonably. Even if plaintiff's proposed interpretation of this evidence were rational, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Accordingly, the ALJ gave two specific and legitimate reasons to discount Dr. Kenderdine's opinions about the limiting effects of plaintiff's depression, and substantial evidence supports those reasons.

## CONCLUSION

Based on the above discussion, the Court finds that the ALJ did not err in determining plaintiff to be not disabled and therefore AFFIRMS the ALJ's decision to deny benefits.

Dated this 16th day of April, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 7